**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GILBERT OCASIO, ET AL,

     Plaintiffs,

        v.

JOHN LABROSKI, ET AL.,

     Defendants.

CIVIL ACTION NO. 3:05-CV-0406

(JUDGE CAPUTO)

## MEMORANDUM

Before me is the issue of whether or not the employers of the defendants are protected by the work product doctrine.  Because Rule 26(b)(3) of the Federal Rules of Civil Procedure extends the privilege to "documents and tangible things . . . prepared in anticipation of litigation or for a trial by or for [a party]" and those seeking to assert the privilege are not a party but the employee of the parties, the documents called for by plaintiff's request numbers 1, 2, 3, 20, 21 and 27 will be produced.  Because the documents called for by plaintiffs' requests numbers 8 and 9 are facially relevant[1], they will be produced, subject to a limitation of six years prior to the incident giving rise to this suit.  Documents requested by request number 7 are, to the extent germane, duplicative of those sought in requests 8 and 9, and therefore will not be required to be produced.

## DISCUSSION

The defendants assert the work product privilege which "protects from discovery

---

[1] They may not be admissible on grounds of remoteness or prejudice.

materials prepared or collected by an attorney ""in . . . preparation for possible litigation'" *Hickman v. Taylor*, 329 U.S. 495, 505 (1947). The burden of establishing that a document is so protected is with the party claiming the privilege. *Conoco, Inc. v. United States DOJ*, 687 F.2d 724, 730 (3d Cir. 1982). It has also been held that "the objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it." *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990). Moreover, because privileges are designed to exclude evidence, they should be construed narrowly. *Scott v. Board of Education*, 219 F.R.D. 333, 336 (D.N.J. 2004).

In the case at hand the defendants cite *Hickman v. Taylor* and proffer that witness statements are in anticipation of litigation. Defendants contend they are one in the same with their employers for purposes of this privilege and cite in support therefor *Esposito et al. v. Gallie et al.*, 4:04-CV-475 (M.D.Pa. February 4, 2005). There, the court confronted by circumstances similar to these, held, after an evidentiary hearing, that information gathered by the Pennsylvania State Police for the stated purpose of "developing legal theories that can be advanced in defense (of the claim in suit) and to make an evaluation as to any liability to which the Department may be exposed with respect to this claim," was privileged. *Id*. at p. 7. There was further testimony that the investigation which generated the documents sought there, was conducted after a claim was filed for the purpose of defending the claim and to determine whether the defendants will be represented and indemnified by the Commonwealth of Pennsylvania. *Id*. p. 7 and 8.

Here the defendants have made no showing of any effort to gather information in anticipation or in preparation for trial. I cannot reach the required conclusion that the facts

2

here are the same as in *Esposito*.   Indeed the defendants have failed to meet their burden of demonstrating that the requested discovery is protected by the work product doctrine. *Conoco, Inc. v. United States DOJ supra*.   For this reason, I find the documents requested in document requests 1, 2, 3, 20, 21 and 27 are not privileged or protected by the work product doctrine.

A word regarding Rule 26(b)(3) is in order.   The rule clearly does not protect documents which are collected or prepared by a non party or someone representing a non-party.   The words of the Rule signify such a conclusion and there is an abundance of case law which supports this conclusion, e.g. *Ramsey v. NYP Holdings Inc.*, 2002 U.S. LEXIS 11728 (S.D.N.Y. 2002).

The circumstances here suggest a scenario which is unlike the cases which hold that Rule 26(b)(3) does not extend the work product privilege to non-parties.   Rather, these individual defendants are state employees and they are represented by counsel employed by the state.   That another arm of the state, their employers or their employers' counsel collect or prepare for litigation involving these employees presents a circumstance which is simply not easily answered by the party/non party dichotomy represented by the case law. *See e.g., Ramsey, supra*.   It is not so much what the employer does, but rather what counsel for the employer does by way of collection and preparation in anticipation of the litigation involving employees who will be represented by counsel employed by the state.   Since there is no evidence here that the preparation was done in anticipation of litigation involving these defendants, I do not reach the issue on the same level as *Esposito*.   Suffice it to say, I am not prepared to say that this decision is inconsistent with either *Esposito* or *Vanderhoff v.*

3

*Koehler*, 3:99-CV-437 (M.D.Pa. 1999, Munley, J.).

The documents requested in document requests 8 and 9 will be produced, as they are relevant.[2]  However, because an entire history is unnecessary, the production will be limited to six years.

Because the relevant documents sought in request number 7 are duplicative of the documents responsive to requests numbers 8 and 9, production will not be ordered.  An appropriate order follows.

March 6, 2006                                    s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge

---

[2] See footnote 1.

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GILBERT OCASIO, ET AL.,

    Plaintiffs,

       v.

JOHN LABROSKI, ET AL.,

    Defendants.

NO. 3:05-CV-406

(JUDGE CAPUTO)

## ORDER

**NOW**, this 6th day of March, 2006, IT IS HEREBY ORDERED as follows:

1.    Defendants shall produce the documents requested in Plaintiffs First Request for Production of Documents Directed to Defendants Labroski and Boston numbers 1, 2, 3, 20, 21 and 27.

2.    Defendants shall produce the documents requested in Plaintiffs First Request for Production of Documents Directed to Defendants Labroski and Boston numbers 8 and 9 for period from May 16, 1998.

3.    Defendants shall not produce the documents requested in Plaintiffs First Request for Production of Documents Directed to Defendants Labroski and Boston number 7.

4.    The documents ordered to be produced shall be produced within twenty (20) days of this order.

s/ A. Richard Caputo
A. Richard Caputo
United States District Judge